850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re HOWARD P. FOLEY ENTERPRISES, INC., and Howard P. Foley
Company, Debtors.
CAJUN ELECTRIC POWER COOPERATIVE, INC., Plaintiff-Appellant,
v.
HOWARD P. FOLEY ENTERPRISES, INC., Howard P. Foley Company,
Defendants- Appellees.
 No. 87-3665.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 2, 1988.
Decided: June 21, 1988.
 
 Alan Rosenblum (Rosenblum and Rosenblum; Carol MacKinnon, Smith, Alling, Hudson & O'Connor, on brief), for appellant.
 Nelson Deckelbaum (Todd Deckelbaum, Deckelbau, Wolpert & Ogens, on brief), for appellees.
 Before JAMES DICKSON PHILLIPS, SPROUSE and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cajun Electric Cooperative ("Cajun") seeks to include the bankrupt Foley Enterprises and Foley Company ("Foley") in a RICO bid-rigging suit in a United States District Court in Louisiana. In order to accomplish this goal, Cajun seeks relief from the automatic stay provision of 11 U.S.C. Sec. 362(a)(1) and permanent injunctive relief. The bankruptcy court denied Cajun's motions. The district court upheld the denial of relief. We affirm.
 
 
 2
 Judge Cacheris reviewed this case for the Eastern District of Virginia and reported the following facts:
 
 
 3
 [On] May 15, 1986, Foley, the defendants, filed petitions in the bankruptcy court for the Eastern District of Virginia. On July 23, 1986, plaintiff commenced a civil action in the U.S. District Court for the Middle District of Louisiana against the defendants and certain other defendants alleging antitrust and RICO claims.
 
 
 4
 Plaintiff in this case, Cajun Electric, filed a motion for relief from the stay in the bankruptcy action on April 15, 1987. Plaintiff desired to effect service of process on the defendant, obtain discovery and obtain a judgment against the defendants in the Louisiana District Court action.
 
 
 5
 Plaintiff states that it only wants to make the defendants a party to the Louisiana court case in order to establish liability against other parties. Plaintiff will not pursue its claims against the defendants in the Louisiana litigation.
 
 
 6
 Plaintiff was granted a temporary restraining order on May 1, 1987, prohibiting the defendants from destroying all records in its control prior to plaintiff's motion for relief from stay. On May 11, 1987, plaintiff's motion for relief from stay was heard and denied by the bankruptcy court.
 
 
 7
 The court, nevertheless, did preclude the defendants from disposing of any records without prior court approval. App. 175-76.
 
 
 8
 The district court concluded that the bankruptcy court did not abuse its discretion in denying relief from the automatic stay. Similarly, we conclude that the district court reached the correct result.
 
 
 9
 Cajun argues that it has shown cause for the bankruptcy court to grant its motion to lift the stay, and to deny its motion is to commit an abuse of discretion.[1] A bankruptcy court abuses its discretion if the reviewing court has a firm and definite conviction that the court below committed a clear error of judgment. In re Posner, 700 F.2d 1243, 1246 (4th Cir.), cert. denied, 464 U.S. 848 (1983). Cajun wants the stay lifted so that it can obtain documents to use in the Louisiana lawsuit. Cajun seeks not to liquidate a claim against Foley; rather, it seeks to use Foley's records to establish the liability of other contractors. Part of Cajun's concern was, then, that the records be preserved. The bankruptcy court, on August 4, 1987, entered an order, by consent of all the parties, which provided for orderly examination of Foley's records by all claimants across the country.
 
 
 10
 Cajun argues that Foley must be a party to the suit in order to allow Cajun to present and authenticate the records obtained from Foley in the court in Louisiana. The bankruptcy court (at App. 76-78) asked counsel why Foley need be a party to the Louisiana suit to use the documents. The court pointed out the subpoena power, and also noted that even if Foley is a party, that does not guarantee that the documents will be admitted into evidence. Counsel for Cajun never really answered these concerns. The bankruptcy court concluded that the relief requested by Cajun was simply unnecessary.
 
 
 11
 In its appeal, Cajun cites many cases for the proposition that the automatic stay of section 362 must be lifted if cause is shown by an interested party. In each of those cases, Foley argues that the stay was lifted for a creditor to be able to liquidate a claim which ultimately would be presented to the bankruptcy court for inclusion in the bankruptcy distribution. In this case Cajun seeks no such liquidation. It merely seeks to use the words (in the documents of course) of Foley to implicate other parties. Since the existence of the documents has been protected, and because those documents can be used in the Louisiana district court either with or without Foley's presence in the suit, there is no need to grant Cajun's motion.
 
 
 12
 In considering the impact the stay would have on the parties, In Re CLC of America, Inc., 68 B.R. 512 (E.D.Mo.1986), we see that Foley, now a corporate shell, can ill afford to go to Louisiana to defend a lawsuit there. This hardship is especially poignant given that Cajun does not have a valid claim against Foley because it failed to file a claim within the time period. Cajun represents to this court that Foley will not need attorneys present because Cajun is seeking no damages from Foley. We find it difficult to believe that an attorney for Foley need not be present at the trial. Certainly questions will arise from Cajun and more particularly, from Foley's co-defendants.
 
 
 13
 Given the lack of need, and the hardship faced by Foley in defending an untimely suit not designed to liquidate a claim against it, we conclude that the court below reached the correct result.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 11 U.S.C. Sec. 362(d)(1) provides for the lifting of the stay for cause. That section reads in pertinent part:
 (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.
 Cajun also argues that the bankruptcy court's decision was based on erroneous conclusions of law and clearly erroneous assumptions of fact and that the court failed to adequately state its findings of fact and conclusions of law. We find these claims wholly without merit.